UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>JAMES J. HENDRIX,<br><br>Defendant. | CASE NO. CR19-0024JLR<br><br>ORDER ON EVIDENTIARY ISSUES |

## I. INTRODUCTION

Before the court are a number of filings from the parties: (1) motions *in limine* brought by Plaintiff United States of America (the "Government") and a response from Defendant James J. Hendrix (Gov't MIL (Dkt. # 130); Def. Resp. to Gov't MIL (Dkt. # 139)); (2) Mr. Hendrix's motion to exclude the testimony of Detective Richard Huntington and the Government's response (Mot. to Exclude Huntington (Dkt. # 138); (Resp. to Mot. to Exclude Huntington (Dkt. # 140)); (3) the Government's motion to exclude Professor Simon Cole (Mot. to Exclude Cole (Dkt. # 142)); and (4) evidentiary

disputes presented in the parties' trial briefs (*see* Gov't Tr. Br. (Dkt. # 106) at 13-19; 12/6/19 Def. Tr. Br. (Dkt. # 128) at 7-9; 12/9/19 Def. Tr. Br. (Dkt. # 131) at 4-6). The court has considered the parties' submissions, the relevant portions of the record, and the applicable law. Being fully advised, the court addresses the issues raised by the parties in turn.

## II. ANALYSIS

### A. The Government's Motions in Limine

1. <u>Motion *in Limine* to Exclude Evidence or Argument Regarding the Prior Convictions of Anthony Tolman</u>

The Government moves to exclude "evidence regarding the criminal history of Anthony Tolman," an individual "who fled from the scene of the auto repair shop after being chased by responding Officer Woodward" on June 21, 2018, and dropped a loaded pistol during his flight. (Gov't MIL at 2.) According to the Government, at the time of this incident, Mr. Tolman "had nine felony convictions, including one for Robbery-1, three convictions for Possession of a Stolen Vehicle, three convictions for Attempt to Elude, one conviction for Possession of Stolen Property, and two convictions for Violation of Protective Order." (*Id.*) The Government moves to exclude these convictions on three grounds: (1) Mr. Tolman's prior convictions are not relevant to the charges filed against Mr. Hendrix; (2) Mr. Tolman's prior convictions constitute inadmissible propensity evidence under Federal Rule of Evidence 404(b)(1); and (3) admission of Mr. Tolman's prior convictions would be unduly prejudicial under Rule 403. (*See id.* at 2-4.)

In response, Mr. Hendrix claims that his defense theory is "that the U-Haul and its contents, as well as the firearm left on a nearby truck bumper, belonged to [Mr.] Tolman" and a woman who also fled the scene, Alexandra Keeny. (Def. Resp. to Gov't MIL at 2.) The thrust of Mr. Hendrix's opposition to the Government's motion is that "[Mr.] Tolman's prior convictions for robbery, possession of stolen property and firearms are relevant to rebut the government's case against [Mr.] Hendrix, particularly regarding dominion and control over the U-Haul and the items found therein." (*Id.* at 3.) Thus, Mr. Hendrix argues the evidence is both relevant and admissible under Rule 404(b)(2) for purposes other than propensity, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." (*Id.* at 2-5 (citations omitted).)

        *a.*     *Legal Standard*

When it comes to evidence of "third-party culpability," the general rule of admissibility is no different than it is for any other type of evidence—"all evidence of third-party culpability that is relevant is admissible, unless barred by another evidentiary rule." *See United States v. Espinoza*, 880 F.3d 506, 511 (9th Cir. 2018) (citing *United States v. Armstrong*, 621 F.2d 951, 953 (9th Cir. 1980)). Rule 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without further evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Under Rule 404(b)(1), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the

person acted in accordance with the character." Fed. R Evid. 404(b)(1). Such evidence may be admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). When evidence of other bad acts is offered against a defendant, "[t]he test for admitting such evidence is whether: '1) it tends to prove a material fact; 2) the prior act is not too remote in time; 3) the evidence is sufficient to support a finding that the defendant committed the act; and 4) where knowledge and intent are at issue, the act is similar to that charged.'" *United States v. Hanson*, 936 F.3d 876, 882 (9th Cir. 2019) (quoting *United States v. Tsinnijinnie*, 91 F.3d 1285, 1288-89 (9th Cir. 1996)). The Ninth Circuit has cautioned, however, that while Rule 404(b) "does apply to witnesses and third parties, courts should indulge the accused when the defendant seeks to offer prior crimes evidence of a third person for an issue pertinent to the defense other than propensity" because "404(b) is often thought to protect a defendant from being tried for who he is, not for what he did," and those concerns are not at issue when "the evidence is not introduced against a defendant, but rather is introduced *by* a defendant." *Espinoza*, 880 F.3d at 516 (citations omitted).

Finally, under Rule 403, the court has discretion to exclude relevant evidence if its probative value is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. at 403.

//

//

### b. *Merits of the Motion in Limine*

The court DENIES the Government's motion to exclude evidence of Mr. Tolman's prior convictions without prejudice to re-raising the motion at trial. The right of criminal defendants to present third-party culpability testimony is owed a high degree of deference. *See, e.g.*, *United States v. Stever*, 603 F.3d 747, 754 (9th Cir. 2010) ("[T]he district court is not free to dismiss logically relevant evidence as speculative."); *United States v. Vallejo*, 237 F.3d at 1023 ("Even if the defense theory is purely speculative, as the district court characterized it, the evidence would be relevant."). Thus, the court concludes that evidence that supports Mr. Hendrix's theory that Mr. Tolman and Ms. Keeny are responsible for the June 21, 2018 crimes that Mr. Hendrix is charged with is relevant and admissible. However, neither party submits evidence that would allow the court to determine whether Mr. Tolman's prior convictions have "any tendency" to make it "more or less probable" that Mr. Tolman was the owner and possessor of the items in the U-Haul and firearms found at the scene. *See* Fed. R. Evid. 401(a). Additionally, without more details, the court cannot determine whether the convictions are inadmissible propensity evidence under Rule 404(b)(1) or admissible evidence of "another purpose" under Rule 404(b)(2).

The court will not issue the blanket exclusion that the Government seeks to all of Mr. Tolman's convictions merely because "[n]one of [Mr.] Tolman's prior convictions

//
//
//

are for committing firearms or drug crimes."[1] (Gov't MIL at 3-4.) If, for example, Mr. Hendrix can show that the items in the back of the U-Haul have a nexus to Mr. Tolman's prior convictions, that evidence could be admissible over Rule 403 and 404 objections for the same reasons that the court ruled that the wig found in the back of the U-Haul is admissible against Mr. Hendrix. (*See* 12/4/19 Minute Entry (denying Defendant's motion to exclude under Federal Rule of Evidence 403 and 404).) On the other hand, Mr. Hendrix's vague argument that Mr. Tolman's prior convictions for "robbery [and] possession of stolen property and firearms" are admissible because they "demonstrate[] a possible connection to those who obtain or fence stolen items and firearms" (*see* Def. Resp. to Gov't MIL at 3-4) is equally inadequate. If Mr. Hendrix wishes to offer evidence of Mr. Tolman's prior convictions at trial, he must draw a meaningful connection between the items in the U-Haul or at the scene and the facts underlying Mr. Tolman's prior convictions so that the court can determine whether the requirements of Rules 401, 403, and 404 have been met.

Thus, the court denies the Government's motion *in limine* to exclude evidence of Mr. Tolman's prior convictions without prejudice to re-raising the objection to this testimony at trial. The court further ORDERS Mr. Hendrix to alert the court and seek a ruling on the admissibility of evidence of Mr. Tolman's prior convictions prior to presenting that evidence to the jury.

---

[1] Notably, the parties cannot even agree on this statement. Mr. Hendrix alleges that Mr. Tolman is currently in jail on a firearms offense. (*See* Def. Resp. to Gov't MIL at 2 ("[Mr. Tolman] is currently in jail in California on a firearms conviction.").)

2. <u>Motions *In Limine* Nos. 2-5</u>

The Government also moved to exclude (1) evidence or argument regarding Mr. Hendrix's relationship with the musician Jimi Hendrix (Gov't MIL at 4-5); (2) evidence or argument regarding Mr. Hendrix's alleged amnesia (*id.* at 5); (3) argument regarding jury nullification (*id.* at 5-6); and (4) argument regarding the punishment for convictions of the crimes charged against Mr. Hendrix (*id.* at 6). In response to the Government's request to exclude evidence about the musician Jimi Hendrix, Mr. Hendrix's amnesia, and jury nullification, Mr. Hendrix suggests that he will not offer any of this evidence unless "changed circumstances make any of this evidence relevant or argument appropriate." (Def. Resp. to Gov't MIL at 5.) Moreover, even if circumstances change, Mr. Hendrix represents to the court that he will "alert the Court of [his] position and seek a ruling before proceeding." (*See id.*) Mr. Hendrix's response does not directly acknowledge or oppose the Government's final motion *in limine* to exclude argument regarding the punishment for Mr. Hendrix's convictions. (*See generally id.*)

The court rules on the Government's motions as follows:

    a. *Mr. Hendrix's Relationship with the Musician Jimi Hendrix*

The court GRANTS the Government's motion to exclude evidence or argument regarding the Mr. Hendrix's relationship with the musician Jimi Hendrix. (Gov't MIL at 4-5.) The court agrees with the Government that Mr. Hendrix's relationship with the musician Jimi Hendrix is "irrelevant and potentially distracting," and therefore is inadmissible.

//

### b. *Mr. Hendrix's Amnesia*

The court DENIES the Government's motion to exclude evidence or argument regarding Mr. Hendrix's amnesia without prejudice to re-raising the objection at trial. (*Id.* at 5.) On the facts currently before the court, the court agrees with the Government that Mr. Hendrix's amnesia is currently "unproven," irrelevant, and potentially "prejudicial and confusing." (*See id.*) But the court takes Mr. Hendrix at his word that he will not seek to admit this evidence absent "changed circumstances" and prior court approval. (*See* Def. Resp. to Gov't MIL at 5.) If Mr. Hendrix believes that his claimed amnesia is pertinent to the trial, the court will consider a renewed objection at that time.

### c. *Jury Nullification and Punishment for Mr. Hendrix's Crime*

The court GRANTS the Government's motions to exclude evidence regarding jury nullification and the punishment for the crimes that Mr. Hendrix has been charged with. These motions largely parrot blackletter law. *See, e.g.*, *United States v. Lynch*, 903 F.3d 1061, 1079 (9th Cir. 2018) ("It is clear that no juror has a right to engage in nullification, that such nullification is a violation of a juror's sworn duty to follow the law as instructed by the court, and, to that end, trial courts have the duty to forestall or prevent such conduct, including by firm instruction or admonition." (citations and internal quotation marks omitted)); *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991) ("It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict.").

//

//

**B.     Motions to Exclude Detective Richard Huntington and Professor Simon Cole**

Both parties have lodged challenges to expert witnesses. On December 9, 2019, the Government filed a notice stating that the police expert that it had expected to call at trial, Seattle Police Department ("SPD") Sergeant Brandon James, would be unavailable to testify in this matter due to an unexpected family matter. (Not. (Dkt. # 133).) The Government informed the court that, while Sergeant James was willing to testify remotely if necessary, the Government's preference would be to call SPD Detective Richard Huntington in his place. (*See id.* at 2-6.) Mr. Hendrix objected to the substitution and moved to exclude Detective Huntington (Mot. to Exclude Huntington), and the Government responded to that motion (Resp. to Mot. to Exclude Huntington).

On December 10, 2019, the Government moved to exclude the testimony of Professor Simon Cole. (Mot. to Exclude Cole.) Mr. Hendrix seeks to offer Professor Cole to testify regarding the science of latent fingerprint examination. (*See id.* at 2.) Mr. Hendrix has not had an opportunity to respond to the Government's motion.

The court DEFERS ruling on both motions to exclude until the December 16, 2019, status conference in this case. (*See* 12/11/19 Dkt. Entry.) So that the court may do so with the benefit of a full record, the court ORDERS Mr. Hendrix to file a response to the motion to exclude Professor Cole by 12:00 p.m. on Friday, December 13, 2019. There shall be no reply unless the court orders otherwise. Given that the Government has already responded to Mr. Hendrix's motion to exclude Detective Huntington (*see* Resp. to Mot. to Exclude Huntington), no further briefing is necessary on that motion.

//

## C. Evidentiary Issues Raised in Trial Briefs

Both the Government and Mr. Hendrix identified a handful of disputed evidentiary issues in their trial briefs. (*See* Gov't Tr. Br. at 13-19; 12/6/19 Def. Tr. Br. at 7-9; 12/9/19 Def. Tr. Br. at 4-6.) Although trial briefs are not the appropriate vehicle for raising evidentiary motions, because the Government and Mr. Hendrix filed responses to the issues raised in the opposing party's briefing (*see* Def. Resp. to Gov't MIL at 1-2; Gov't Resp. to Def. MIL (Dkt. # 143)), the court briefly addresses the disputes raised by the parties in the interest of efficiency:

*a.   Hearsay Challenges*

Based on the parties' briefing, the court understands that both parties may seek to admit out-of-court statements and object to the out-of-court statements offered by other parties. Specifically, the Government indicates that it intends to offer (1) statements made by Mr. Hendrix at trial, and (2) other out of court statements "not to prove the truth of the matter asserted." (Gov't Tr. Br. at 13-16.) Mr. Hendrix indicates that he may seek to offer his own out of court statements through third party witnesses. (12/9/19 Def. Tr. Br. at 5-6; Def. Resp. to Gov't MIL at 1-2.) Hearsay is highly fact-specific. Accordingly, the court will consider the admissibility of any out-of-court statements only upon objections properly made during trial.

*b.   "Potential motion" to Recuse Jessica Manca*

Mr. Hendrix's trial brief states that Mr. Hendrix "reserves the right to move to disqualify" Jessica Manca, one of the Assistant United States Attorneys handling this matter, based on "her status as a necessary witness to the 'discovery' of new evidence."

(12/9/19 Def. Tr. Br. at 7-9.)  Although Mr. Hendrix made clear that he "is not currently making a recusal motion," the Government filed a response that argued that there was no basis to exclude Ms. Manca.  (Gov't Resp. to Def. MIL at 2-3.)  Because Mr. Hendrix has not made a motion to recuse Ms. Manca, the court makes no ruling on this issue.

      c.  *Motion to Exclude Evidence of the Scale*

  Mr. Hendrix's trial brief also moves to exclude a scale found by the Government on November 26, 2019, in the pocket of a coat that Mr. Hendrix was wearing when he wrecked his motorcycle on August 24, 2018.  (*See* 12/9/19 Def. Tr. Br. at 9; Gov't Resp. to Def. MIL at 1-2.)   The court DENIES Mr. Hendrix's motion.  Federal Rule of Criminal Procedure 16 has no timing requirement for disclosures, *see* Fed. R. Crim. P. 16, but even if it did, the court finds that the Government's disclosure was timely and does not unfairly prejudice Mr. Hendrix.  The Government determined that the scale was in Mr. Hendrix's jacket pocket on November 26, 2019, and disclosed a Report of Investigation from Bureau of Alcohol, Tobacco, Firearms, and Explosives Special Agent Keeli Nelson—who was present when the Government discovered the scale—detailing the discovery by December 4, 2019.  (*See* Gov't Resp. to Def. MIL at 1-2.)  Thus, the court concludes that Government disclosed this evidence promptly and that Mr. Hendrix is not unfairly prejudiced.

## III.  CONCLUSION

  For the reasons set forth above, the court rules on the issues presented in (1) the Government's motions *in limine* (Dkt. # 130); (2) Mr. Hendrix's motion to exclude the testimony of Detective Richard Huntington (Dkt. # 138); (3) the Government's motion to

exclude Professor Simon Cole (Dkt. # 142); and (4) evidentiary disputes presented in the parties' trial briefs (*see* (Dkt. # 106) at 13-19; (Dkt. # 128) at 7-9; (Dkt. # 131) at 4-6) as follows:

- The Government's motion *in limine* to exclude evidence of Mr. Tolman's prior convictions is DENIED WITHOUT PREJUDICE;

- The court ORDERS Mr. Hendrix to alert the court and seek a ruling on the admissibility of Mr. Tolman's prior convictions before presenting that evidence to the jury;

- The Government's motion *in limine* to exclude evidence or argument regarding Mr. Hendrix's relationship with the musician Jimi Hendrix is GRANTED;

- The Government's motion *in limine* to exclude evidence or argument regarding Mr. Hendrix's amnesia is DENIED WITHOUT PREJUDICE;

- The Government's motion *in limine* to exclude evidence regarding jury nullification is GRANTED;

- The Government's motion *in limine* to exclude evidence regarding the punishment for the crimes that Mr. Hendrix has been charged with is GRANTED;

- The motions to exclude Detective Huntington and Professor Cole are DEFERRED until the December 16, 2019, status conference;

- The court ORDERS Mr. Hendrix to file a response to the Government's motion to exclude Professor Cole by 12:00 p.m. on December 13, 2019;

- The court will address the hearsay objections identified in the parties' trial briefs if those objections are properly raised at trial; and
- Mr. Hendrix's motion to exclude the scale found in Mr. Hendrix's coat pocket is DENIED.

Dated this 12th day of December, 2019.

JAMES L. ROBART
United States District Judge