UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES J. HENDRIX,<br><br>Defendant. | CASE NO. CR19-0024JLR<br><br>ORDER REGARDING ADMISSIBILITY OF PRIOR CONVICTIONS OF ANTHONY TOLMAN |

## I. INTRODUCTION

Before the court is Defendant James J. Hendrix's motion to admit seven prior convictions of third party Anthony Tolman. (Mot. (Dkt. # 165).) Plaintiff United States of America ("the Government") filed a response. (Resp. (Dkt. # 170). Additionally, the court heard oral argument from the parties on December 16, 2019. (*See* 12/16/19 Dkt. Entry (Dkt. # 174).) The court has considered the parties' submissions, the oral argument of the parties, the relevant portions of the record, and the applicable law. Being fully advised, the court rules on the admissibility of Mr. Tolman's prior convictions as follows.

## II. ANALYSIS

**A.     Legal Standard**

When it comes to evidence of "third-party culpability," the general rule of admissibility is no different than it is for any other type of evidence—"all evidence of third-party culpability that is relevant is admissible, unless barred by another evidentiary rule." *See United States v. Espinoza*, 880 F.3d 506, 511 (9th Cir. 2018) (citing *United States v. Armstrong*, 621 F.2d 951, 953 (9th Cir. 1980)).  Federal Rule of Evidence 401 provides that "[e]vidence is relevant if:  (a) it has any tendency to make a fact more or less probable than it would be without further evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.

Under Rule 404(b)(1), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R Evid. 404(b)(1).  Such evidence may be admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  When evidence of other bad acts is offered against a defendant, "[t]he test for admitting such evidence is whether:  '1) it tends to prove a material fact; 2) the prior act is not too remote in time; 3) the evidence is sufficient to support a finding that the defendant committed the act; and 4) where knowledge and intent are at issue, the act is similar to that charged.'"  *United States v. Hanson*, 936 F.3d 876, 882 (9th Cir. 2019) (quoting *United States v. Tsinnijinnie*, 91 F.3d 1285, 1288-89 (9th Cir. 1996)).  The Ninth Circuit has cautioned, however, that while Rule 404(b) "does apply to witnesses and third

parties, courts should indulge the accused when the defendant seeks to offer prior crimes evidence of a third person for an issue pertinent to the defense other than propensity" because "404(b) is often thought to protect a defendant from being tried for who he is, not for what he did," and those concerns are not at issue when "the evidence is not introduced against a defendant, but rather is introduced *by* a defendant." *Espinoza*, 880 F.3d at 516 (citations omitted).

Finally, under Rule 403, the court has discretion to exclude relevant evidence if its probative value is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. at 403.

**B.     2004 Conviction for Robbery in the First Degree**

Mr. Hendrix's request to admit evidence of Mr. Tolman's 2004 conviction for robbery in the first degree (*see* Mot., Ex. 1 (Dkt. # 165-1)) is DENIED. The court finds that evidence showing that Mr. Tolman committed robbery using a firearm is, at most, marginally relevant for the non-propensity Rule 404(b)(2) purposes of the "identity" of the individual who possessed the firearms and whether Mr. Tolman may have had the "knowledge" necessary to possess the firearms found at the scene of the June 21, 2018, incident. However, the court may consider both the lapse in time and the similarity of the prior bad act to the offense at issue in deciding whether to admit prior bad acts under Rule 404(b)(2). *See Hanson*, 936 F.3d at 882. Here, the 14-year lapse in time between Mr. Tolman's conviction and the June 21, 2018, incident weighs in favor of excluding this conviction. Similarly, the stark differences between the circumstances surrounding

the robbery conviction (*see* Mot., Ex. 1) and the firearms charges filed here—possession of a firearm in furtherance of a drug trafficking offense—weighs in favor of exclusion. Accordingly, the court will not admit this evidence under Rule 404(b)(2).

Moreover, as the Government confirmed at the December 16, 2019, hearing, the Government does not dispute that Mr. Tolman fled the scene of the June 21, 2018, incident with a firearm. (*See* Gov't Tr. Br. (Dkt. # 106) at 4.) Thus, there is other evidence that is less prejudicial than Mr. Tolman's prior criminal behavior that Mr. Hendrix may use to show that Mr. Tolman has knowledge of firearms and may have been the individual who possessed the firearms at the scene. Additionally, the court agrees with the Government that it would be unfairly prejudicial to allow Mr. Hendrix to admit evidence of Mr. Tolman's prior firearm convictions when the Government has effectively agreed not to introduce evidence of Mr. Hendrix's prior firearm convictions by bifurcating this trial. (*See* Resp. at 2-3.) Thus, even if this evidence was admissible under Rule 404(b)(2), the court would exclude it under Rule 403 given that its admission would be unfairly prejudicial, cumulative, a waste of time, and only marginally relevant.

**C.     2010 Conviction for Attempting to Elude a Police Officer**

Mr. Hendrix's request to admit evidence of Mr. Tolman's 2010 conviction for attempting to elude a police officer (*see* Mot., Ex. 3 (Dkt. # 165-3)) is DENIED. This evidence is excluded for the reasons set forth on the record at the December 16, 2019, hearing.

//

//

**D.     2012 Conviction for Possession of a Stolen Vehicle**

Mr. Hendrix's request to admit evidence of Mr. Tolman's 2012 conviction for possession of a stolen vehicle (*see* Mot., Ex. 4 (Dkt. # 165-4)) is GRANTED IN PART and DENIED IN PART.  As stated on the record at the December 16, 2019, hearing, Mr. Hendrix may offer evidence that Mr. Tolman was detained by law enforcement with shaved keys in his possession for the limited purpose of showing that Mr, Tolman may have had dominion or control over the items in the U-Haul.  Mr. Hendrix may not offer evidence that Mr. Tolman was detained in a vehicle that law enforcement believed was stolen or that he ultimately pleaded guilty to possession of a stolen vehicle.

**E.     2012 Conviction for Attempting to Elude a Police Officer**

Mr. Hendrix's request to admit evidence of Mr. Tolman's 2012 conviction for attempting to elude a police officer (*see* Mot., Ex. 6 (Dkt. # 165-6)) is DENIED.  This evidence is excluded for the reasons set forth on the record at the December 16, 2019, hearing.

**F.     2014 Conviction for Attempting to Elude a Police Officer, Possession of Stolen Vehicle, and Possession of Stolen Property**

Mr. Hendrix's request to admit evidence of Mr. Tolman's 2014 conviction for attempting to elude a police officer, possession of a stolen vehicle, and possession of a stolen vehicle (*see* Mot., Ex. 7 (Dkt. # 165-7)) is GRANTED IN PART and DENIED IN PART.  As stated on the record at the December 16, 2019, hearing, Mr. Hendrix may offer evidence that Mr. Tolman was detained by law enforcement with shaved keys in his possession for the limited purpose of showing that Mr. Tolman may have had dominion

or control over the items in the U-Haul. Mr. Hendrix may not offer evidence that Mr. Tolman was detained in a vehicle that law enforcement believed was stolen or that he ultimately pleaded guilty to attempting to elude a police officer, possession of a stolen vehicle, or possession of stolen property.

**G.     2018 Conviction for Possession of a Controlled Substance**

Mr. Hendrix's request to admit evidence of Mr. Tolman's 2018 conviction for possession of a controlled substance (*see* Mot., Ex. 8 (Dkt. # 165-8)) is DENIED. "When analyzing the similarity of prior drug crimes under Fed. R. Evid. 404(b), [courts] look to the type of activity undertaken[.]" *United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005). On the 2018 conviction, Mr. Tolman plead guilty to possessing 1.17 grams of methamphetamine while trying to enter a county jail. (*See* Mot., Ex. 8.) In Mr. Hendrix's case, the relevant dispute is over possession of 271.3 grams of methamphetamine found in the back of the U-Haul. (*See* Gov't Tr. Br. at 6.) Thus, the court finds that the "type of activity undertaken" in the 2018 conviction is too disparate from the "type of activity undertaken" during the June 21, 2018, incident to allow its admission under Rule 404(b)(2).

Moreover, the court's decision to exclude Mr. Tolman's prior drug conviction is bolstered by the Government's confirmation at the December 16, 2019, hearing that it would not offer evidence that Mr. Hendrix possessed 1.2 grams of heroin during a 2013 conviction for conspiracy to possess heroin. Given that Mr. Hendrix's 2013 possession of heroin will not be at issue, the court concludes that it would be unduly prejudicial

//

under Rule 403 to admit evidence of Mr. Tolman's prior possession of methamphetamine.

**H. 2019 Conviction for Unlawful Discharge of a Firearm**

Mr. Hendrix's request to admit evidence of Mr. Tolman's 2019 *nolo contendere* plea for unlawful discharge of a firearm (*see* Mot., Ex. 9 (Dkt. # 165-9)) is DENIED. The court excludes this conviction for many of the same reasons that it excluded Mr. Tolman's 2004 robbery conviction. Specifically, while evidence showing that Mr. Tolman discharged a firearm in a grossly negligent manner might be marginally relevant for the non-propensity Rule 404(b)(2) purposes of "identity" and "knowledge," there is a significant difference between a *nolo contendere* plea to a charge of unlawful discharge (*see* Mot., Ex. 9) and the firearms charges filed against Mr. Hendrix—possession of a firearm in furtherance of a drug trafficking offense. Accordingly, the court will not admit this evidence under Rule 404(b)(2). Moreover, as noted above, *see supra* § II.B, because the Government does not dispute that Mr. Tolman fled the scene of the June 21, 2018, incident with a firearm and has confirmed that it will not offer evidence of Mr. Hendrix's prior firearm convictions, admitting additional evidence of Mr. Tolman's unrelated firearm activities would be unfairly prejudicial, cumulative, and a waste of time under Rule 403.

## III. CONCLUSION

For the reasons set forth above and those set forth by the court during oral argument, the court rules on Mr. Hendrix's requests to admit Mr. Tolman's prior convictions (Dkt. # 165) as follows:

- Mr. Hendrix's request to admit evidence regarding Mr. Tolman's 2004 Conviction for Robbery in the First Degree is DENIED;
- Mr. Hendrix's request to admit evidence regarding Mr. Tolman's 2010 Conviction for Attempting to Elude a Police Officer is DENIED;
- Mr. Hendrix's request to admit evidence regarding Mr. Tolman's 2012 Conviction for Possession of a Stolen Vehicle is GRANTED IN PART and DENIED IN PART;
- Mr. Hendrix's request to admit evidence regarding Mr. Tolman's 2012 Conviction for Attempting to Elude a Police Officer is DENIED;
- Mr. Hendrix's request to admit evidence regarding Mr. Tolman's 2014 Conviction for Attempting to Elude a Police Officer, Possession of Stolen Vehicle, and Possession of Stolen Property is GRANTED IN PART and DENIED IN PART;
- Mr. Hendrix's request to admit evidence regarding Mr. Tolman's 2018 Conviction for Possession of a Controlled Substance is DENIED; and
- Mr. Hendrix's request to admit evidence regarding Mr. Tolman's 2019 Conviction for Unlawful Discharge of a Firearm is DENIED.

Dated this 17th day of December, 2019.

JAMES L. ROBART
United States District Judge