UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES J. HENDRIX,<br><br>Defendant. | CASE NO. CR19-0024JLR<br><br>ORDER GRANTING IN PART MOTION TO STAY |

Before the court is Defendant James J. Hendrix's unopposed motion to stay. (Mot. (Dkt. # 238).) The court has considered the motion, Mr. Hendrix's submission concerning the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS in part and DEFERS ruling on in part Mr. Hendrix's motion to stay.

On December 23, 2019, a jury found Mr. Hendrix guilty of felon in possession of firearms and ammunition, as charged in Count 1 of the indictment; the lesser included offense of possession of controlled substances, as charged in Count 3 of the indictment;

felon in possession of a firearm, as charged in Count 5 of the indictment; and the lesser included offense of possession of controlled substances, as charged in Count 6 of the indictment.  (*See* Jury Verdict (Dkt. # 200).)  On January 28, 2020, the court denied Mr. Hendrix's motion to dismiss the charge of possession of methamphetamine with intent to distribute, as charged in Count 2; the greater offense of possession of methamphetamine and heroine with intent to distribute, as charged in Count 3; the charge of possession of firearms in furtherance of a drug trafficking offense, as charged in Count 4; the greater offense of possession of methamphetamine with intent to distribute, as charged in Count 6; and the charge of possession of a firearm in furtherance of a drug trafficking crime, as charged in Count 7.  (*See* 1/28/20 Order (Dkt. # 240).)  The court concluded that the Government could retry those specific counts.  (*See id.* at 35-38.)

On January 28, 2020, Mr. Hendrix filed a notice of interlocutory appeal challenging the court's order denying Mr. Hendrix's motion to dismiss.  (*See* Not. of Appeal (Dkt. # 241).)  Mr. Hendrix's interlocutory appeal of the court's Double Jeopardy ruling divests the court of jurisdiction on the counts that Mr. Hendrix appealed.  *See United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984) ("Ordinarily, if a defendant's interlocutory claim is considered immediately appealable under *Abney* [*v. United States*, 431 U.S. 651 (1977)], the district court loses its power to proceed from the time the defendant files its notice of appeal until the appeal is resolved.").  Accordingly, the court GRANTS in part Mr. Hendrix's motion to stay retrial on Count 2, the greater offense in Count 3, Count 4, the greater offense in Count 6, and Count 7.  The court instructs the Clerk to STRIKE the February 3, 2020, trial date in this matter.

The court DEFERS ruling on Mr. Hendrix's request to stay sentencing on Count 1, the lesser included offense in Count 3, Count 5, and the lesser included offense in Count 6. (*See* Mot. at 3.) Mr. Hendrix has not appealed his convictions on those specific counts. (*See* Not. of Appearance.) His motion to stay does not argue that the court is divested of jurisdiction to sentence Mr. Hendrix for convictions that have not been appealed, and he provides only a cursory explanation as to why "[s]entencing should be delayed until Mr. Hendrix's appeal is resolved and, if the Ninth Circuit upholds the Court's order regarding retrial, until retrial is completed." (*See* Mot. at 3.)

The court concludes that further briefing from the parties on this issue would be beneficial. Accordingly, the court DIRECTS Mr. Hendrix and the Government to file responses to this order on the question of whether the court should grant Mr. Hendrix's motion to stay sentencing on Count 1, the lesser included offense in Count 3, Count 5, and the lesser included offense in Count 6 by **Friday, February 7, 2020, at 12:00 p.m.** The parties' responses shall be limited to six pages. There shall be no replies unless otherwise ordered by the court.

Dated this 28th day of January, 2020.

JAMES L. ROBART
United States District Judge