UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JAMES J. HENDRIX,<br><br>  Defendant. | CASE NO. CR19-0024JLR<br><br>ORDER |

This matter comes before the court upon Defendant James J. Hendrix's Unopposed Motion to Reopen Detention Hearing. (Mot. (Dkt. # 261).) The Motion requests the court reopen Defendant's detention hearing. (*Id.* at 1.) Secondly, the Motion requests Defendant be released on an appearance bond with conditions. (*Id.*)

The Government does not oppose reopening the detention hearing (*Id.* at 1-2.) It does however oppose Defendant's release. (Resp. (Dkt. # 266) at 1-11.)

This matter has a long procedural history. It was filed on January 31, 2019. Defendant was ordered detained on February 19, 2019. (Detention Order (Dkt. # 14).)

ORDER - 1

1 Defendant was charged with seven counts of possession of firearms and drug offenses.

2 (Indictment (Dkt. # 1).) The trial in the matter commenced on December 16, 2019, and

3 the jury returned partial verdicts on December 23, 2019. (Min. Entry (Dkt. # 196).) The

4 court held Defendant could be retried on the counts that the jury was unable to reach a

5 verdict on. (1/13/20 Order (Dkt. # 213).) Defendant filed an interlocutory appeal, which

6 remains pending. (*See* Not. of Appeal (Dkt. # 241).)

7 Defendant filed the instant motion on December 18, 2020. (*See* Mot.) On

8 December 22, 2020, the court granted the Government's motion proposing a briefing

9 schedule for the instant motion. (12/22/20 Order (Dkt. # 264).) In that order, the court

10 clarified that it would "determine if a hearing is appropriate" after the Government's

11 response and Defendant's reply. (*Id.* at 1.) After considering the parties' submissions

12 and the applicable law, the court DENIES reopening a detention hearing, as it finds that

13 an additional hearing is unnecessary to its disposition of Defendant's Motion.

14 Defendant's Motion is made pursuant to 18 U.S.C. § 3142(F). (Mot. at 1.) This

15 provision governs release or detention of a defendant <u>pending</u> trial. *See generally* 18

16 U.S.C. § 3142. Defendant is potentially pending trial subject to the Ninth Circuit's

17 decision on his interlocutory appeal. The Government notes that 18 U.S.C. § 3143

18 ("Release or detention of a defendant pending sentence or appeal") is applicable in the

19 current circumstances as Defendant has been found guilty and is not, at this time,

20 appealing the jury's verdicts. (Resp. at 7-8.) Defendant's argument that 18 U.S.C.

21 § 3142 is controlling and applies to all counts is unconvincing to the court.

22

1  Defendant argues that his release plan, the pandemic, conditions in Defendant's
2  current BOP facility and his medical condition support his release.  (Mot. at 3-6.)
3  Regardless if the court proceeds under 18 U.S.C. § 3142(f) or 18 U.S.C. § 3143, the court
4  finds that the relevant factors weigh in favor of continued detention.  Accordingly,
5  Defendant's request for release on an appearance bond with conditions is DENIED.

6  Dated this 19th day of January, 2021.

The Honorable James L. Robart
U.S District Court Judge

ORDER - 3